JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FRIENDLY HILLS BANK, INC. | ) | No. CV 14-9509 CAS (FFMx) |
| Plaintiff, | ) ) | ORDER SUMMARILY REMANDING ACTION TO STATE COURT AND |
| v. | ) ) | PROHIBITING DEFENDANT FROM FILING ANY FURTHER NOTICE OF |
| JEFFREY OCHOA, ISRAEL BOCANEGRA, and DOES 1 to 10, Inclusive, | ) ) ) | REMOVAL OF LOS ANGELES SUPERIOR COURT CASE NO. 14P08510 |
| Defendants. | ) ) | |

The Court will remand this action to state court summarily because Defendant removed it improperly.

On December 11, 2014, Defendant Israel Bocanegra, having been sued in what appears to be a routine unlawful detainer action in California state court (Los Angeles Superior Court Case No. 14P08510), filed a Notice of Removal of that action to this Court and also presented an application to proceed *in forma pauperis*. Defendant has previously removed this same unlawful detainer proceeding on a prior occasion. On the prior occasion, this Court remanded the action noting that federal jurisdiction does not exist. (*See Friendly Hills Bank, Inc. v. Jeffrey Ochoa, et al.*, Case No. CV 14-9029 UA (DUTYx).)

The Court has denied the *in forma pauperis* application under separate cover because the action, again, was not properly removed. To prevent the action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state

1  court.  Moreover, to prevent Defendant from further abusing the federal court to obstruct
2  his state proceedings without any basis, the Court issues this order prohibiting him from
3  filing any further notice of removal with respect to this unlawful detainer action.
4  　　　Simply stated, as the Court has previously determined, Plaintiff could not have
5  brought this action in federal court in the first place, in that Defendant does not
6  competently allege facts supplying either diversity or federal-question jurisdiction, and
7  therefore removal is improper.  28 U.S.C. § 1441(a); *see Exxon Mobil Corp v. Allapattah*
8  *Svcs., Inc.*, 545 U.S. 546, 563, 125 S. Ct. 2611, 162 L. Ed. 2d 502 (2005).  Even if
9  complete diversity of citizenship existed, the amount in controversy does not exceed the
10 diversity-jurisdiction threshold of $75,000.  *See* 28 U.S.C. §§ 1332, 1441(b).  On the
11 contrary, the unlawful-detainer complaint recites that the amount in controversy does not
12 exceed $10,000.
13 　　　Nor does Plaintiff's unlawful detainer action raise any federal legal question.  *See*
14 28 U.S.C. §§ 1331, 1441(b).
15 　　　Accordingly, IT IS ORDERED that (1) this matter be REMANDED to the
16 Superior Court of California, County of Los Angeles, 300 E. Walnut Street, Pasadena,
17 CA 91101 for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c); (2) that
18 the Clerk send a certified copy of this Order to the state court; and (3) that the Clerk serve
19 copies of this Order on the parties.
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28

1     IT IS FURTHER ORDERED that Israel Bocanegra is prohibited from filing any further Notice of Removals of this case from state court without an Order of the Court or of the Chief Judge of the Central District of California allowing him to do so.

    IT IS SO ORDERED.

DATED: December 15, 2014

*Christina A. Snyder*
_____
CHRISTINA A. SNYDER
United States District Judge

Presented by:

 /S/ FREDERICK F. MUMM
  FREDERICK F. MUMM
United States Magistrate Judge

3